1980452-04

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| ARCHANGELOS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-00071 |
| | § | |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A | | Docket Sheet |
| A-1 | 03/23/20 | Plaintiff's Original Petition |
| A-2 | 04/21/20 | Defendant's Original Answer |
| A-3 | 04/21/20 | Defendant's Jury Demand |
| A-4 | 05/01/20 | Defendant's Notice of Filing Notice of Removal |

# EXHIBIT "A"

# Case Information

## ARCHANGELOS INC. VS. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

2020CVH000627D2

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Webb County - 111th District Court | Civil - Contract | Debt/Contract - Consumer/DTPA | 3/23/2020 |

**Judge**
Notzon, Monica Z.

## Parties [2]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | ARCHANGELOS INC. | VINCENZO J SANTANI |
| Defendant | TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | ROBERT F SCHEIHING |

## Filings [3]

| Date | Filing Type | Description | Documents |
|---|---|---|---|
| 3/23/2020 | Petition | PLAINTIFF'S ORIGINAL PETITION | POP-Frank-Archangelous.pdf |
| 4/21/2020 | Answer/Response | DEFENDANT'S ORIGINAL ANSWER | 1980452 Answer.pdf |
| 4/21/2020 | Jury Demand | DEMAND FOR JURY PAID FOR ATTORNEY ROBERT SCHEIHING | 1980452 Jury Demand.pdf |

© 2020 Tyler Technologies, Inc. I All Rights Reserved
Version: 2019.3.2.3103



# EXHIBIT "A-1"

**SERVE**

**2020CVH000627D2**

## CITATION
## PLAINTIFF'S ORIGINAL PETITION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**

| CALENDAR CALL SET FOR |
| 06/04/2020 AT 11:00AM |

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

**TO:   TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**
**      211 EAST 7TH STREET**
**      SUITE 620**
**      AUSTIN TX  78701-3218**

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 111th District Court** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2020CVH000627D2, styled:

**ARCHANGELOS INC., PLAINTIFF**
**VS.**
**   TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, DEFENDANT**
Said Plaintiff's Petition was filed on 03/23/2020 in said court by:

**    VINCENZO J SANTANI, ATTORNEY FOR PLAINTIFF**
**    26619 INTERSTATE 45 SOUTH**
**    THE WOODLANDS TX  77380**

**WITNESS ESTHER DEGOLLADO**, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 27th day of March, 2020.

### C   L   E   R   K    O   F    C   O   U   R   T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _____ DEPUTY
        Serenidad Diaz

**OFFICER'S RETURN**                                   **2020CVH000627D2**

Came to hand on the ___7___ day of ___Apr7_____, 2020 at
___9___ O'CLOCK ___A___.M. _____ Executed           at
_____, within the COUNTY of _____
at _____ O'CLOCK ____.M. on the _____ day of
_____, 2020, by delivering to the within named
**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**, each, in
person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on
such copy of citation the date of delivery.


The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:


Total Fee for serving this citation   $ _____.


To certify which, witness my hand officially.


                                    _____
                                    SHERIFF, CONSTABLE

                                    _____ COUNTY, TEXAS

                              BY _____
                                                    DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**


Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.


                                    _____
                                    NOTARY PUBLIC
                                    MY COMMISSION EXPIRES

                                    _____

Filed
3/23/2020 1:49 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2020CVH000627D2

CAUSE NO. _____

| | | |
|---|---|---|
| **ARCHANGELOS INC.;** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **WEBB COUNTY, TEXAS** |
| | § | |
| **TRAVELERS CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **OF AMERICA,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Archangelos Inc. (hereinafter "Plaintiff"), and complains of Travelers Casualty Insurance Company of America (hereinafter "Defendant"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.     Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.     This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Webb County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

## III.
## PARTIES

3.      Plaintiff is an individual whose business and property is located in Laredo, Webb County, Texas.

4.      Defendant is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation at its registered address, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV.
## FACTUAL BACKGROUND

5.      Plaintiff is a named insured under a commercial property insurance policy issued by Defendant under Policy Number 680-3J059687 (hereinafter referred to as the "Policy").

6.      On or about March 27, 2018, a storm hit the Webb area and Plaintiff's property located at 901 Victoria Street, Laredo, Texas 78040 (hereinafter referred to as the "Property"), causing wind and hail damage. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.      Subsequently, Defendant underpaid Plaintiff's claim.

8.      Defendant failed to make a good-faith effort to objectively investigate Plaintiff's claim.   Instead, Defendant engaged in an outcome-oriented investigation designed to deny Plaintiff's claim.  As such, Defendant conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the damages that were observed during the inspection, misclassified the damages identified during the inspection, and misrepresented its findings to Plaintiff.

9.     More specifically, upon acceptance of the claim by Defendant,  Defendant hired an adjusting service who deployed Russ Denton to perform an inspection of the Property and Plaintiff's damages.  On April 9, 2018, Russ Denton discovered covered damage, including but not limited to photographs of hail indentations, bruising, and impact damage to the modified bitumen roofing, cap flashing, metal appurtenances, and air conditioning units.   Mr. Denton also photographed cuts, gouges, and scrapes to the roofing system associated with wind damage.  In addition, Mr. Denton photographed interior water damage to ceiling and walls.

10.   After Defendant's liability under the Policy became reasonably clear or should have become reasonably clear, Defendant denied Plaintiff's claim for covered damages.  On April 24, 2018, Steven Gelsomino with Defendant wrote a letter denying coverage.   In the letter Mr. Gelsomino misrepresented Mr. Denton's findings, claiming ground water caused interior damage and there were no storm related damage to the Property, rendering a net payment of $0.00.

11.     Not satisfied with Defendant's misrepresentations,   Plaintiff sought an additional inspection from Defendant.  On September 11, 2018, Defendant deployed Larry Bauer to inspect the Property.  Like Mr. Denton, Mr. Bauer documented covered storm related damages.  However, Mr. Bauer mischaracterized the damages to fit the outcome from the April 24, 2018 denial letter. Mr. Bauer found clear hail impacts to the roofing system, yet labeled the cause as bird feces.  Mr. Bauer documented water leaking from ceiling, yet once again attributed water damage to ground water flooding.

12.  In an effort of performing its due diligence, Plaintiff sought an additional and competent opinion from Gulf Coast Estimators.  Gulf Coast Estimators found covered damage to Property and

found the total amount to perform proper repair/replacement to the Property was $116,265.66, not $0.00, as Defendant represented.

13.     It is clear that Defendant's unreasonable and outcome-oriented investigation was the cause of Plaintiff's mishandled claim.

14.     Further, Defendant's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property under all areas of coverage.

15.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendant.  Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy's terms.

16.     As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

17.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

18.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

19.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and were completed in its normal and routine course and scope of employment with Defendant.

## 1. BREACH OF CONTRACT

20.    According to the policy that Plaintiff purchased, Defendant had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

21.    As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

22.    Despite objective evidence of such damages, Defendant has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

23.    Defendant's collective actions constitute violations of the Texas  Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code.  Specifically in violation of Section 17.46(b), Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

*17.46(b)(5)* - Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do       n o t have or that a person has a sponsorship, approval, status, affiliation, or       c o n n e c t i o n which the person does not;

*17.46(b)(7)* - Representing that goods or services are of a particular standard, quality, or grade, or that good are of a particular style or model, if they are of another;

---

*17.46(b)(12)* - Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

*17.46(b)(24)* - Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

24.     Moreover, and specifically in violation of Section 17.50(a), Defendant collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to its detriment, in addition to engaging in the following:

*17.50(a)(3)* - An unconscionable action or course of action; and

*17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

25.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

26.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

27.     By representing that Defendant would pay the entire amount needed by Plaintiff to repair the damages caused by the storm event and then not doing so, Defendant has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

28.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

29.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

30.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Defendant. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendant to its detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Original Petition.

31.     Since Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

32.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. CHAPTER 541

33.     Defendant's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061.  Under, Section 541.051, it is an unfair and deceptive act or practice in the business of insurance to:

> 541.051(1)(A) - Making statements misrepresenting the terms of the policy; and

> 541.051(1)(B) - Making statements misrepresenting the benefits of the policy.

34.     Continuing, in violation of Section 541.060(a), Defendant engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> 541.060(a)(1) - Misrepresenting a material fact or policy provision relating to coverage;

> 541.060(a)(2)(A) - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

> 541.060(a)(2)(B) - Failing to promptly and fairly settle a claim under one portion of a policy in order to influence the claimant to settle an additional claim under another portion of the coverage;

> 541.060(a)(3) - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the policy; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

35.     Further, Defendant violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

**B. CHAPTER 542**

36.     Defendant's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendant to date, Defendant has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

37. Defendant has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, Defendant committed the following violations:

*542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Defendant reasonably believes , at the time, was required from Plaintiff, within 15 days after Defendant received notice of Plaintiff's claim;

*542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Defendant received all items, statements, and forms required for Defendant to secure final prof of loss; and

*542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, Defendant delayed payment of the claim for a period exceeding the period more than 60 days.

38. As a result of the above-referenced violations and acts committed by Defendant, and in accordance with Section 542.060 of the Texas Insurance Code, Defendant is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as

damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

39.     Since a violation of the Chapter 541 of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly committed such conduct.

40.     Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

41.     As a result of Defendant's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

42.     Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's claim based upon a biased investigation intended to construct a pretextual basis for denial. Defendant failed to make a good-faith effort to objectively investigate Plaintiff's claim, by engaging in an outcome-oriented investigation designed to misclassify covered damage as not covered. Defendant also breached its common law duty of good faith and fair dealing by denying Plaintiff's claim when Defendant's liability had become reasonably clear. Defendant also acted in bad faith by underpaying Plaintiff's claim inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendant's coverage decision.

43.     Plaintiff further alleges that because Defendant's bad faith was accompanied by malicious, intentional, fraudulent, or grossly negligent conduct for which the law allows the imposition of exemplary damages.

### VI.
### WAIVER AND ESTOPPEL

44.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

45.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

46.     Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

47.     More specifically, Plaintiff seeks monetary relief of over $200,000, but not more than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

48.     Furthermore, Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed bySection 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

49.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## IX.
## JURY DEMAND

50.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

---

PLAINTIFF ARCHANGELOS INC.'S ORIGINAL PETITION                                        Page 13

# X.
## WRITTEN DISCOVERY PROPOUNDED TO DEFENDANT

A. REQUEST FOR DISCLOSURE  Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

51.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.    Please produce Defendant's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.    Please produce the CV of the individual responding to these discovery requests.

c.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

d.    Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

e.    Please produce the electronic diary, including the electronic and paper notes made by Defendant claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

f.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

g.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

h.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

i.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

j.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's Property, regardless of whether Defendant intends to offer these items into evidence at trial.

## C. INTERROGATORIES

52.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.     Please identify any person Defendant expects to call to testify at the time of trial.

b.     Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the Claim;

c.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

d.     If Defendant or Defendant's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendant or any of Defendant's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

e.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation.

f.     Please state the following concerning notice of claims and timing of payment:

    i.   The date and manner in which Defendant received  notice of the claim;

    ii.   The date and manner in which Defendant acknowledged receipt of the claim;

    iii. The date and manner in which Defendant commenced

investigation of the claim;

    iv.    The date and manner in which Defendant requested from the claimant all items, statements, and forms that Defendant reasonably believed, at the time, would be required from the claimant; and

    v.    The date and manner in which Defendant notified the claimant in writing of the acceptance or rejection of the claim.

g.    Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

h.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

i.    When was the date Defendant anticipated litigation?

j.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendant's document retention policy.

k.    Does Defendant contend that the insured premises was damaged by storm-related events? If so, state the general factual basis for this contention.

l.    Does Defendant contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

m.    Does Defendant contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

n.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

    i.    what performance measures are used; and

    ii. describe Defendant's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

53.    Plaintiff prays that judgment be entered against Travelers Casualty Insurance Company of America, and that Plaintiff be awarded all of its actual damages, consequential

damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Travelers Casualty Insurance Company of America, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Vincenzo J. Santini*
Vincenzo J. Santini
Texas Bar No. 24064310
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
vince@vosslawfirm.com

And

*/s/ Uriel Druker*
Uriel Druker
Texas Bar No. 24044867
1119 Houston St.
Laredo, Texas 70840
Telephone: (956) 728-9191
uriel@drukerlawfirm.com

**ATTORNEYS FOR PLAINTIFF**



MONICA Z. NOTZON
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

March 27, 2020

CAUSE NO.:   2020CVH000627D2

STYLE:   ARCHANGELOS INC.
VS
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on 06/04/2020 at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon.   Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date.   This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

SD

7016 0750 0000 2903 2103

**14013 SILVER FALLS COURT**
**CONROE, TX 77384**

**Travelers Casualty Insurance of America**
**211 East 7th Street, Suite 620**
**Austin, TX 78701**

# EXHIBIT "A-2"

CAUSE NO. 2020CVH000627D2

| | | |
|---|---|---|
| ARCHANGELOS INC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 111TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| Defendant. | § | WEBB COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFF'S ORIGINAL PETITION and for same says:

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiff prove its allegations by a preponderance of the evidence.

## NOTICE OF CONSENT TO ELECTRONIC SERVICE

Defendant consents to electronic service of pleadings, motions, orders, notices, and discovery in this cause *_only_* when service is completed through eFileTexas.gov, the state-authorized electronic filing manager.

## PRAYER

WHEREFORE, Defendant prays that Plaintiff recover nothing from it by way of this suit; that Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**BROCK ◆ GUERRA
STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
Email: bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this ___21___ day of ___April___, 2020, to:

Vincenzo J. Santini                    Fax No. 713/861-0021
The Voss Law Center                    Email: vince@vosslawfirm.com
26619 Interstate 45 South
The Woodlands, Texas   77380

Uriel Druker                           Email: uriel@drukerlawfirm.com
Gonzalez Druker Law Firm
1119 Houston St.
Laredo, Texas 78040

_____
ROBERT F. SCHEIHING

# EXHIBIT "A-3"

CAUSE NO. 2020CVH000627D2

| | | |
|---|---|---|
| ARCHANGELOS INC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 111TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | § | |
| Defendant. | § | WEBB COUNTY, TEXAS |

## DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,** Defendant in the above-entitled and numbered cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

**BROCK ♦ GUERRA
STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

BY: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
Email: bscheihing@brock.law
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this _21_ day of _April_, 2020, to:

Vincenzo J. Santini                    Fax No. 713/861-0021
The Voss Law Center                    Email: vince@vosslawfirm.com
26619 Interstate 45 South
The Woodlands, Texas   77380

Uriel Druker                           Email: uriel@drukerlawfirm.com
Gonzalez Druker Law Firm
1119 Houston St.
Laredo, Texas 78040

_____
ROBERT F. SCHEIHING

# EXHIBIT "A-4"

1980452-01

## CAUSE NO. 2020CVH000627D2

| | | |
|---|---|---|
| ARCHANGELOS INC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 111TH JUDICIAL DISTRICT |
| | § | |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | WEBB COUNTY, TEXAS |

## <u>DEFENDANT TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that on the 1st day of May, 2020, Defendant TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ("Travelers" or "Defendant"), filed with the clerk of the United States District Court for the Southern District of Texas, Laredo Division, its Notice of Removal, together with copies of all process, pleadings and orders served upon it in the action pending against it in the 111th Judicial District Court, Webb County, Texas, styled *Archangelos, Inc. v. Travelers Casualty Insurance Company of America*, Cause Number 2020CVH000627D2.

True and correct copies of the Notice of Removal and the Appendix Filed in Support of the Notice of Removal are attached hereto as Exhibit "A" and included herein by reference for all purposes.

All further proceedings with respect to this action shall take place before the United States District Court.

1980452-01

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By: *[signature]*

ROBERT F. SCHEIHING
State Bar No. 17736350
bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this 1st day of May, 2020:

Vincenzo J. Santini
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
vince@vosslawfirm.com

Uriel Druker
Druker Law Firm
1119 Houston St.
Laredo, Texas 70840
uriel@drukerlawfirm.com

*[signature]*

ROBERT F. SCHEIHING

# EXHIBIT "B"

1980-452

# ARTICLES OF INCORPORATION

## OF

## ARCHANGELOS, INC.

FILED
In the Office of the
Secretary of State of Texas
DEC 1 8 1997
Corporations Section

The undersigned natural person of the age of eighteen years or more, acting as the sole incorporator of a corporation under the Texas Business Corporation Act, does hereby adopt the following Articles of Incorporation for such corporation.

### ARTICLE I.

The name of the corporation is **Archangelos, Inc.**

### ARTICLE II.

The period of its duration is perpetual.

### ARTICLE III.

The purpose for which the corporation is organized, subject to the provisions of Article 2.01 of the Texas Business Corporation Act, is to transact any and all lawful business for which corporations may be incorporated under the Texas Business Corporation Act

### ARTICLE IV.

The aggregate number of shares that the corporation shall have the authority to issue is one million (1,000,000) shares of common stock with the par value of ten cents ($0.10) each.

No shareholder of the corporation shall have the right of cumulative voting at any election of directors or upon any other matter

No holder of securities of the corporation shall be entitled as a matter of right, preemptive or otherwise, to subscribe for or purchase any securities of the corporation now or hereafter authorized to be issued, or securities held in the treasury of the corporation, whether issued or sold for cash or other consideration or as a dividend or otherwise  Any such securities may be issued or disposed of by the Board of Directors to such persons and on such terms as in its discretion it shall deem advisable.

## ARTICLE V.

The corporation will not commence business until it has received for the issuance of its shares consideration of the value of not less than One Thousand Dollars ($1,000.00)

## ARTICLE VI.

The street address of the corporation's initial registered office is 501 Guadalupe, Laredo, Texas  78040, and the name of its initial registered agent at such address is Frank Rotnofsky.

2

## ARTICLE VII.

The number of directors constituting the initial Board of Directors is two (2), and the names and addresses of the persons who are to serve as directors until the first annual meeting of the shareholders or until their successors are elected and qualify are:

| Name | Address |
|------|---------|
| Viviana Frank | 501 Guadalupe<br>Laredo, Texas  78040 |
| Frank Rotnofsky | 501 Guadalupe<br>Laredo, Texas  78040 |

## ARTICLE VIII.

No director shall be liable to the corporation or its shareholders for monetary damages for an act or omission in the director's capacity as a director, except that this Article does not eliminate or limit the liability of a director to the extent the director is found liable for.

(1)     a breach of the director's duty of loyalty to the corporation or its shareholders,

(2)     an act or omission not in good faith that constitutes a breach of duty of the director to the corporation or an act or omission that involves intentional misconduct or a knowing violation of the law;

3

(3)      a transaction from which the director received an improper benefit, whether or not the benefit resulted from an action taken within the scope of the director's office, or

(4)      an act or omission for which the liability of the director is expressly provided by an applicable statute

Any repeal or modification of this Article by the shareholders of the corporation shall be prospective only and shall not adversely affect any limitation on the liability of a director of the corporation existing at the time of such repeal or modification

## ARTICLE IX.

Any action required by the Texas Business Corporation Act to be taken at any annual or special meeting of shareholders, or any action which may be taken at any annual or special meeting of shareholders, may be taken without a meeting, without prior notice, and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holder or holders of shares having not less than the minimum number of votes that would be necessary to take such action at a meeting at which the holders of all shares entitled to vote on the action were present and voted. Any such written consents shall be executed, dated, and filed with the corporation in the manner required by Article 9 10A of the Texas Business Corporation Act

4

## ARTICLE X.

The name and address of the incorporator is:

<u>Name</u>                              <u>Address</u>

Cliff Ernst                            P.O Box 98
                                       Austin, Texas  78767-0098


EXECUTED BY THE UNDERSIGNED INCORPORATOR on this 18th day of December, 1997.

CLIFF ERNST

5

# EXHIBIT "C"

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

# TEXAS SECRETARY of STATE
# RUTH R. HUGHS

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 147136300 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | December 18, 1997 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17428619849 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | ARCHANGELOS, INC. |
| **Address:** | 901 VICTORIA ST APT B |
| | LAREDO, TX 78040 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| 📄 | 6864051 | Articles Of Incorporation | December 18, 1997 | December 18, 1997 | No | 5 |
| 📄 | 6864052 | Tax Forfeiture | February 11, 2000 | February 11, 2000 | No | 1 |
| 📄 | 7050640002 | Reinstatement | February 4, 2002 | February 4, 2002 | No | 2 |
| 📄 | 23266420001 | Public Information Report (PIR) | December 31, 2002 | January 15, 2003 | No | 1 |
| 📄 | 44789460001 | Public Information Report (PIR) | December 31, 2003 | October 12, 2003 | No | 1 |
| 📄 | 86417860001 | Public Information Report (PIR) | December 31, 2004 | March 24, 2005 | No | 1 |
| 📄 | 126911220001 | Public Information Report (PIR) | December 31, 2005 | April 24, 2006 | No | 1 |
| 📄 | 155830670001 | Public Information Report (PIR) | December 31, 2006 | December 29, 2006 | No | 1 |
| 📄 | 282585870001 | Public Information Report (PIR) | December 31, 2008 | November 3, 2009 | No | 1 |
| 📄 | 319429570001 | Public Information Report (PIR) | December 31, 2009 | August 6, 2010 | No | 1 |
| 📄 | 346522780001 | Public Information Report (PIR) | December 31, 2010 | December 18, 2010 | No | 1 |
| 📄 | 456133790001 | Public Information Report (PIR) | December 31, 2012 | December 8, 2012 | No | 1 |
| 📄 | 517805160001 | Public Information Report (PIR) | December 31, 2013 | November 29, 2013 | No | 1 |
| 📄 | 581391910001 | Public Information Report (PIR) | December 31, 2014 | December 5, 2014 | No | 1 |
| 📄 | 648926010001 | Public Information Report (PIR) | December 31, 2015 | January 6, 2016 | No | 1 |
| 📄 | 736689300001 | Public Information Report (PIR) | December 31, 2016 | May 11, 2017 | No | 1 |
| 📄 | 709980830002 | Change of Name or Address by Registered Agent | January 20, 2017 | January 20, 2017 | No | 2 |
| 📄 | 869232680001 | Public Information Report (PIR) | December 31, 2018 | February 20, 2019 | No | 1 |
| 📄 | 957255130001 | Public Information Report (PIR) | December 31, 2019 | March 19, 2020 | No | 1 |

Order　　Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# Texas Franchise Tax Public Information Report

Comptroller  05-102
of Public  (Rev.9-11/30)
Accounts
FORM

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ **Tcode**  13196  Franchise

| ■ Taxpayer number | ■ Report year |
|---|---|
| 1 7 4 2 8 6 1 9 8 4 9 | 2 0 1 9 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600.*

| Taxpayer name | ARCHANGELOS, INC. | |
|---|---|---|
| Mailing address | 901 VICTORIA ST APT B | |

| City | State | ZIP Code | Plus 4 | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|---|---|
| LAREDO | TX | 78040 | | 0147136300 |

● Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | |
|---|---|
| Principal place of business | |

*Please sign below!*  Officer, director and manager information is reported as of the date a Public Information Report is completed.  There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

1742861984919

**SECTION A**  Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| VIVIANA FRANK ROTNOFSKY | PRESIDENT | ○ YES | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| 901 VICTORIA STREET SUITE | LAREDO | TX | 78040 |

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| | | ○ YES | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| | | | |

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| | | ○ YES | | |

| Mailing address | City | State | ZIP Code |
|---|---|---|---|
| | | | |

**SECTION B**  Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent  or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
| | | | |

**SECTION C**  Enter the information required for each corporation or LLC, if any, that owns an interest of 10  percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| | | | |

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*       ○  Blacken circle if you need forms to change the registered agent or registered office information.

Agent:  **FRANK ROTNOFSKY**

| Office: | 901 VICTORIA SUITE A | City | LAREDO | State | TX | ZIP Code | 78040 |
|---|---|---|---|---|---|---|---|

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ | BRENDA A IBARRA | Title | Electronic | Date | 10-10-2019 | Area code and phone number | ( 956 )  775 - 5751 |
|---|---|---|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ○ | PIR IND | ○ |
|---|---|---|---|